**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **SAMANTHA M. BANNER**  :  | CASE NO. 3:16-cv-00388-WHR-MJN |
| 69 Mary Avenue | |
| Dayton, Ohio 45405         :  | Judge Walter H. Rice |
| | Magistrate Judge Michael J. Newman |
|      Plaintiff,      :  | |
| | |
| v.                         :  | |
| | |
| **THE OHIO BELL TELEPHONE**  :  | **FIRST AMENDED COMPLAINT WITH** |
| **COMPANY** | **JURY DEMAND ENDORSED HEREON** |
| 1300 East Ninth Street     :  | |
| Cleveland, Ohio 44114 | |
|                            :  | |
| **and** | |
|                            :  | |
| **Sedgwick Claims Management Services,** | |
| **Inc.**                   :  | |
| 1300 East Ninth Street | |
| Cleveland, Ohio 44114      :  | |
| | |
|      Defendants.    :  | |

Now comes Plaintiff Samantha M. Banner, by and through counsel, and hereby sets forth the following allegations against Defendant, The Ohio Bell Telephone Company ("Ohio Bell") and Defendant, Sedgewick Claims Management Services, Inc. ("Sedgwick Claims").

**PARTIES AND JURISDICTION**

   **1.**    Samantha Banner is an individual citizen residing in Montgomery County, Ohio.

2. At all relevant times, Ohio Bell conducted business in Montgomery County, Ohio, where it employed Ms. Banner.

3. Ohio Bell is an employer, as that term is defined in the Americans with Disabilities Act of 1990 (as amended), 42 U.S.C. § 12111.

4. Ms. Banner was at all relevant times an employee of Ohio Bell, as defined in the Americans with Disabilities Act of 1990 (as amended), 42 U.S.C. § 12111.

5. Sedgwick Claims CMS is a Tennessee Corporation that conducts business in Montgomery County, Ohio.

6. At all relevant times, Sedgwick Claims exercised control over Ms. Banner in its duties to carry out Ohio Bell's administrative responsibilities.

7. At all relevant times, Sedgwick Claims was authorized to handle disability and FMLA claims for Ohio Bell.

8. At all relevant times, Ohio Bell directed Ms. Banner to provide information to Sedgwick Claims to justify leave of absences.

9. At all relevant times, Sedgwick Claims constructively employed Ms. Banner.

10. This Court has original jurisdiction over Plaintiff's ADA claims and supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.  Venue is proper in Montgomery County, Ohio, because Defendants engage in business in, and the events giving rise to this suit occurred in, Montgomery County, Ohio.

## FACTUAL BACKGROUND

11. Plaintiff was employed on or about July 10, 2010, by Defendant Ohio Bell as a Customer Retention Specialist and Sales Agent.

12. Plaintiff was terminated by Defendant Ohio Bell on or about January 11, 2016.

13. Prior to termination, in or around February of 2015, Plaintiff was diagnosed with Delayed Sleep Phase Wake Disorder and Idiopathic Hypersomnia.

14. Plaintiff's disability did not prevent her from performing her job in a competent, professional, and skillful manner.

15. On or about February 5, 2015, Plaintiff informed Defendant Ohio Bell she needed to take leave under FMLA for treatment. She was instructed to report her claim to Defendant Sedgewick Claims.

16. Defendant Sedgewick Claims directed Plaintiff to produce an unreasonable amount of information and documentation, in excess of FMLA's requirements.

17. Defendant Sedgewick Claims denied Plaintiff's claim and told her that "invisible disabilities do not qualify for short term payments. They are too hard to prove. You would've been better of breaking a leg or something." Defendant Sedgewick Claims instructed Plaintiff to "go to bed earlier and get up earlier."

18. Despite medical documentation and information provided by Plaintiff's physician detailing her need to take leave from work to obtain necessary therapy, Defendant Ohio Bell demanded that Plaintiff return to work, against medical advice, or she would be considered to have "abandoned" her job.

19. On or about September 2, 2015, Plaintiff's physician allowed her to return to work with the following restriction: she could not begin work prior to 12:00 p.m. on any workday.

20. Plaintiff's physician sent numerous accommodation requests to Defendant Sedgewick Claims on behalf of Plaintiff.

21. Defendant Ohio Bell refused to consider Plaintiff's request for a reasonable accommodation until after she returned to work, forcing her to work a period of time without any accommodation and against medical advice.

22. On or about September 2, 2015, Plaintiff was reprimanded for engaging in conduct that was common practice in her office and that was never previously forbidden.

23. On or about January 11, 2016, Plaintiff was terminated after being informed that she was being investigated for fraud. The activity giving rise to the investigation involved an occurrence that took place in or around September of 2015, when Plaintiff requested assistance from a supervisor in handling a billing system error for a customer. Plaintiff adhered to her supervisor's instructions in processing a customer transaction, action that was later deemed to be "fraudulent" and used as pretext for her termination.

## COUNT I – DISABILITY DISCRIMINATION

Ohio Rev. Code § 4112.02(A)
Americans with Disabilities Act of 1990 – 42 U.S.C. § 12112 *et seq.*

24. Plaintiff repeats the allegations contained and incorporated in the preceding paragraphs as if fully rewritten herein.

25. Ms. Banner is disabled as that term is defined under Ohio Revised Code § 4112.01(A)(13) and 42 U.S.C. § 12102.

26. At all relevant times, Ms. Banner was able to safely perform the essential functions of her job.

27. At all relevant times, Ohio Bell and Sedgewick Claims knew Ms. Banner was disabled within the meaning of the ADA and Ohio Revised Code, and/or perceived and/or regarded Ms. Banner as having a disability.

28. Ohio Bell did not provide Ms. Banner reasonable accommodations, terminated her, and treated her differently than similarly-situated employees on the basis of her disability.

29. Sedgwick Claims denied Ms. Banner's claims and treated her differently than similarly-situated employees on the basis of her disability.

30. Ms. Banner's disability, perceived disability, and/or regarded disability, was the sole reason she was disciplined and terminated, was a basis for her discipline and termination, and/or contributed to Ohio Bell's decision to discipline and terminate her.

31. Ohio Bell discriminated against Ms. Banner because of her disability in violation of Ohio Revised Code § 4112.02 and 42 U.S.C. § 12112 *et seq.*

32. The stated reason for Ms. Banner's termination is a pretext for discrimination and did not actually motivate the reason for her discharge.

33. As a result of Defendants' discriminatory actions, Ms. Banner has suffered severe emotional and psychological distress, lost wages, lost benefits, future wages, and other economic damages.

34. As a direct and proximate result of the discriminatory conduct of Defendants, Ms. Banner is entitled to recover compensatory damages in an amount as yet unknown but estimated to be in excess of $75,000.00, punitive damages, costs, and attorney fees.

## COUNT II – RETALIATION

Ohio Rev. Code § 4112.02(l)
42 U.S.C. § 12203

35. Plaintiff repeats the allegations contained and incorporated in the preceding paragraphs as if fully rewritten herein.

36. Before Ms. Banner was terminated, she complained to Defendant Ohio Bell that she felt she was being discriminated against because of her disability.

37. Before Ms. Banner was terminated, she complained to Sedgwick Claims that she felt she was being discriminated against because of her disability.

38. Before Ms. Banner was terminated, she filed a formal complaint with the Equal Employment Opportunity Commission regarding Ohio Bell's employment practices.

39. Ms. Banner was terminated because of her complaints and/or her complaint was a motivating factor in Ohio Bell's decision to terminate her.

40. The stated reasons provided for Ms. Banner's termination are merely pretext for discrimination, were not sufficient to warrant her termination, and did not actually motivate Ohio Bell's decision to terminate.

41. As a result of Defendants' discriminatory actions, Ms. Banner has suffered severe emotional and psychological distress, lost wages, lost benefits, future wages, and other economic damages.

42. As a direct and proximate result of the discriminatory conduct of Defendants, Ms. Banner is entitled to recover compensatory damages in an amount as yet unknown but estimated to be in excess of $75,000.00, punitive damages, costs, and attorney fees.

**COUNT III – INTENTIONAL AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiff repeats the allegations contained and incorporated in the preceding paragraphs as if fully rewritten herein.

44. Defendants, by and through its agents and employees, engaged in the aforementioned conduct with the intent to inflict emotional distress upon Ms. Banner and with reckless disregard for the serious emotional distress caused to Ms. Banner.

45. Defendants' conduct was extreme, outrageous, and utterly intolerable in a civilized society.

6

46. As a direct and proximate result of Ohio Bell's and Sedgwick Claims' willful and wanton discriminatory conduct, Ms. Banner has suffered severe emotional distress, embarrassment, humiliation, and economic damages.

47. As a direct and proximate result of the discriminatory conduct of Ohio Bell and Sedgwick Claims, Ms. Banner is entitled to recover compensatory damages in an amount as yet unknown but estimated to be in excess of $75,000.00, punitive damages, costs, and attorney fees.

## COUNT IV – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

48. Plaintiff repeats the allegations contained and incorporated in the preceding paragraphs as if fully rewritten herein.

49. Ohio Bell terminated Ms. Banner's employment in violation of the public policy of the State of Ohio, as set forth in Ohio Rev. Code § 4112.02 *et seq.*

50. The aforementioned conduct of Ohio Bell was wanton and willful.

51. As a direct and proximate result of her wrongful termination, Ms. Banner has been damaged in an amount as yet unknown but estimated to be in excess of $75,000.00 and is entitled to recover same, as well as punitive damages and an amount to compensate her for the costs and expenses incurred in connection with this lawsuit, including reasonable attorney fees.

## COUNT V – PUNITIVE DAMAGES

52. Plaintiff repeats the allegations contained and incorporated in the preceding paragraphs as if fully rewritten herein.

53. The conduct of the Defendants was intentional, malicious, and reckless.

54. As a direct and proximate result of such conduct, Ms. Banner is entitled to an award of punitive damages against Defendants, including an amount to compensate her for her costs and expenses in connection with this lawsuit, including reasonable attorney fees.

**WHEREFORE**, Ms. Banner asks that judgment be entered in her favor against Ohio Bell and Sedgwick Claims in an amount in excess of $75,000.00 in compensatory damages, $1 million in punitive damages, costs, expenses, attorney fees, and any and all recovery available to her under Ohio Rev. Code § 4112 *et seq.* and the Americans with Disabilities Act and other aforementioned counts.

Respectfully submitted,

/s/ Nadia A. Klarr_____
Nadia A. Klarr (0095946)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, Ohio 45402
Ph: (937) 223-3277
Fx: (937) 223-6339
Email: nak@biesergreer.com
*Attorney for Samantha M. Banner*

## JURY DEMAND

Plaintiff, by and through counsel, hereby demands that this case be heard by a jury of her peers.

/s/ Nadia A. Klarr_____
Nadia A. Klarr (0095946)

## CERTIFICATE OF SERVICE

I hereby certify that on the **15th** of **February, 2017**, I electronically filed the foregoing document with the Clerk of the United States District Court, Southern District of Ohio, using the CM/ECF system, which will send notification to all parties of record.

BIESER, GREER & LANDIS, LLP

/s/ Nadia A. Klarr_____
Nadia A. Klarr (0095946)

4391.216351 / 597333